DAVID T. MALOOF (DM 3350)
THOMAS M. EAGAN (TE 1713)
MALOOF BROWNE & EAGAN LLC
411 Theodore Fremd Avenue, Suite 190
Rye, New York 10580-1411
(914) 921-1200
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NIPPONKOA INSURANCE CO., LTD., U.S.
BRANCH,

                *Plaintiffs,*

- against -

NORFOLK SOUTHERN RAILWAY
COMPANY,

                *Defendant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

08 Civ.

**08 CIV. 1302**

**JUDGE SAND**

**COMPLAINT**

       Plaintiff Nipponkoa Insurance Co., Ltd., U.S. Branch (hereinafter "Nipponkoa U.S. Branch") by their undersigned attorneys, Maloof Browne & Eagan LLC, for their Complaint allege, upon information and belief, as follows:

       1.       This action arises under the Court's federal question jurisdiction (28 U.S.C. 1331 and 49 U.S.C. 11706) and/or admiralty jurisdiction under 28 U.S.C. 1333 and/or supplemental jurisdiction (28 U.S.C. 1367) as hereinafter more fully appears.

       2.       Plaintiff Nipponkoa U.S. Branch is a foreign insurance company with its principal U.S. place of business located in New York, New York, and is the insurer of the Shipment that is the subject of this action, as more fully described below.

       3.       Defendant Norfolk Southern Railway Company (hereinafter "Norfolk Southern") is a corporation organized and existing under the laws of Virginia, was and is doing

1

business as a common carrier of goods by rail for hire, was the delivering rail carrier of the Shipment at issue, and operates a railroad or route within this District, and is registered to do business in the State of New York.

4. Venue is proper here within the meaning of 28 U.S.C. § 1391 and 49 U.S.C. 11706(d)(2). The Defendant resides within this District within the meaning of 28 U.S.C. § 1391(c). The Defendant is registered to and does business in this District, and Plaintiff also has offices in this District.

5. On or about May 11, 2007, at the Port of Nagoya, Japan, there was shipped by Imasen Electric Industrial Co., Ltd., and loaded aboard the APL Australia a consignment of Automobile Seat Recliner Assemblies, then being in good order and condition, in Containers MOTU0501244, MOTU0515320, CAXU9908203, CAXU6553162 and MOAU0694281 (the "Shipment"). The Shipment was discharged in Los Angeles, California and thereafter delivered into the hands of Defendant Norfolk Southern in good order and condition. The Defendant accepted the Shipment and, in consideration of certain agreed freight charges thereupon paid or agreed to be paid, Defendant further agreed to transport and carry said Shipment to Columbus, Ohio via rail, and there deliver the Shipment in like good order and condition to Plaintiff Nipponkoa U.S. Branch's assured and/or its designee. The Shipment was described in a certain bill of lading numbered MOLU215233890, dated on or about May 11, 2007.

6. All portions of the carriage were part of an international and interstate transportation of goods.

7. The Defendant made delivery of the Shipment, but not in like good order and condition as when shipped, delivered to and received by them, but, on the contrary, short and seriously injured and impaired in value, all in violation of Defendant's obligations and duties as

common carriers of merchandise by rail for hire, and to perform their services with respect to the Shipment in a careful, workmanlike manner, and otherwise in violation of their duties, including duties to properly inspect, maintain and repair its rail lines.

8. Plaintiff Nipponkoa U.S. Branch insured said Shipment. Plaintiff has incurred, and will incur, losses as a result of the damage to said Shipment. Plaintiff brings this action on its own behalf and as agent, trustee, assignee and/or subrogee, on behalf of and for the interest of all parties interested in and who were damaged as a result of the damage suffered by the Shipment, as their respective interests may ultimately appear, and Plaintiff Nipponkoa is duly entitled to maintain this action.

9. Plaintiff Nipponkoa U.S. Branch and its assured have performed all conditions on their parts to be performed.

10. By reason of the foregoing, Plaintiff Nipponkoa U.S. Branch has sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in a sum estimated to be up to or exceeding U.S. $290,000.00.

## FIRST CAUSE OF ACTION

### BREACH OF CONTRACT AND OF DUTIES UNDER CARMACK AMENDMENT AND STAGGERS RAIL ACT AS TO THE SHIPMENT

11. Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 10 above.

12. By reason of the foregoing, Defendant was a rail carrier within the meaning of the Carmack Amendment, 49 U.S.C. § 11706, *et seq.*, and Staggers Rail Act of 1980 and breached its duty of a rail carrier under the Act and under the contract of carriage.

13. By reason of the foregoing, Defendant has caused damage to Plaintiff

Nipponkoa in an amount estimated to be up to and exceeding U.S. $290,000.00.

## SECOND CAUSE OF ACTION

### TORT DAMAGE TO PROPERTY
### NEGLIGENCE AND/OR GROSS NEGLIGENCE AND/OR RECKLESSNESS AND/OR WILLFUL CONDUCT AS TO THE SHIPMENT

14.  Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 13 above.

15.  Defendant, directly or through its employees, agents or independent contractors, willfully, recklessly and/or negligently and/or with gross negligence failed to exercise the degree of care in relation to the Shipment which a reasonably careful man would exercise under like circumstances, and/or willfully, recklessly or negligently and/or with gross negligence failed to carry the Shipment such as was reasonably required and would be sufficient to prevent the damage to the Shipment.

16.  The Shipment suffered loss as alleged herein, as a proximate result of Defendant's said willful, reckless and/or negligent and/or grossly negligent conduct.

17.  Defendant is accordingly liable to Plaintiff in an amount estimated to be or exceed U.S. $290,000.

## THIRD CAUSE OF ACTION

### BREACH OF BAILMENT OBLIGATIONS
### AS TO THE SHIPMENT

18.  Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 17 above.

19.  The Defendant at relevant times acted as a carrier of goods for hire by land, and/or bailee of or otherwise had a duty to care for the Shipment at the time it was in their custody.

The Defendant thereby, or through their contractors, agents, servants, or sub-bailees, warranted and had a legal duty to safely keep, care for, and deliver the Shipment in the same condition as when entrusted to them, and/or to perform their services or to ensure that those service were performed with reasonable care and in a non-negligent and workmanlike manner. The Defendant breached those obligations and negligently failed to deliver to Plaintiff's assured's designees or consignees the Shipment in as complete and good condition as when entrusted to them.

20. By reason of the foregoing, Defendant has caused damage as alleged herein to Plaintiff, and are liable to Plaintiff for such damages in an amount estimated to be or exceed U.S. $290,000.00.

## ALTERNATE FOURTH CAUSE OF ACTION

### BREACH OF CONTRACT AND OF DUTIES UNDER COGSA 46 U.S.C. § 1300 ET. SEQ. AS TO THE SHIPMENT

21. Plaintiff incorporated herein by reference the allegations of paragraph 1-20 above.

22. By reason of the foregoing, Defendant was a common carrier of merchandise within the meaning of the Carriage of Goods by Sea Act, 46 U.S.C. § 1300, *et seq.*, for the carriage of goods by sea and breached its duties as a carrier under that Act.

23. By reason of the foregoing, Defendant has caused damage to Plaintiff, and to others on whose behalf Plaintiff sues, in an amount, as nearly as can now be estimated, up to or exceeding U.S. $ 290,000.

WHEREOF, Plaintiff pray:

1. That judgment may be entered in favor of Plaintiff against Defendant for the amount of Plaintiff's damages, together with interest and costs, and the disbursements of this action;

2.  That this Court will grant to Plaintiff such other and further relief as may be just and proper.

Dated: Rye, New York
       February 8, 2008

>                                    MALOOF BROWNE & EAGAN LLC
>
>                                    By: _____
>                                    David T. Maloof (DM 3350)
>                                    Thomas M. Eagan (TE 1713)
>                                    411 Theodore Fremd Avenue, Suite 190
>                                    Rye, New York 10580-1411
>                                    Tel: (914) 921-1200
>                                    Fax: (914) 921-1023
>                                    Email: dmaloof@maloofandbrowne.com
>                                           teagan@maloofandbrowne.com
>                                    *Attorneys for Plaintiff Nipponkoa Insurance Co., Ltd., U.S. Branch*

6