UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NIPPONKOA INSURANCE CO., LTD., U.S. BRANCH,<br><br>                        Plaintiffs,<br><br>        v.<br><br>NORFOLK SOUTHERN RAILWAY COMPANY<br><br>                        Defendant. | Civil Action No: 08 Civ. 1302<br><br>ANSWER TO COMPLAINT WITH AFFIRMATIVE DEFENSES |

The Defendant Norfolk Southern Railway Company (hereinafter "Norfolk Southern"), hereby submits its Answer to the Complaint filed by the Plaintiff Nipponkoa Insurance Co., Ltd., U.S. Branch ("Nipponkoa") and in support thereof states as follows:

1. The averment in paragraph 1 of the Complaint is a legal conclusion to which no response is required. Any factual allegations stated or implied are denied.

2. Norfolk Southern is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint. The allegations are denied, with proof demanded at trial.

3. Admitted.

4. Admitted in part and denied in part. It is admitted that Norfolk Southern is registered to, and does business, in this District. Norfolk Southern is without sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of fact in Paragraph 4 of the Complaint. The allegations are denied, with proof demanded at trial. Alternatively, the remaining averments in Paragraph 4 of the Complaint are conclusions of law to which no response is required.

5. Norfolk Southern is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint. The allegations are denied, with proof demanded at trial.

6. Norfolk Southern is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 6 of the complaint. The allegations are denied, with proof demanded at trial.

7. Norfolk Southern is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 7 of the complaint. The allegations are denied, with proof demanded at trial.

8. Norfolk Southern is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 8 of the complaint. The allegations are denied, with proof demanded at trial.

9. Norfolk Southern is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 9 of the complaint. The allegations are denied, with proof demanded at trial.

10. Norfolk Southern is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 10 of the complaint. The allegations are denied, with proof demanded at trial.

### (FIRST CAUSE OF ACTION)

### (BREACH OF CONTRACT AND OF DUTIES UNDER CARMACK AMENDMENT AND STAGGERS RAIL ACT AS TO THE SHIPMENT)

11. Norfolk Southern incorporates by reference its responses to Paragraphs 1 through 10 as if set forth at length herein.

12. The averments of Paragraph 12 of the Complaint are conclusions of law to which no response is required. To the extent Paragraph 12 contains allegations of fact, they are denied.

13. Denied.

### (SECOND CAUSE OF ACTION)

### (TORT DAMAGE TO PROPERTY NEGLIGENCE AND/OR GROSS NEGLIGENCE AND/OR RECKLESSNESS AND/OR WILLFUL CONDUCT AS TO THE SHIPMENT)

14. Norfolk Southern incorporates by reference its responses to Paragraphs 1 through 13 as if set forth at length herein.

15. The averments contained in Paragraph 15 are legal conclusions and/or the opinions of the plaintiff, neither of which call for a response; any factual allegations stated or implied in this paragraph are denied, with proof demanded at trial.

16. The averments contained in Paragraph 16 are legal conclusions and/or the opinions of the plaintiff, neither of which call for a response; any factual allegations stated or implied in this paragraph are denied, with proof demanded at trial.

17. The averments contained in Paragraph 17 are legal conclusions and/or the opinions of the plaintiff, neither of which call for a response; any factual allegations stated or implied in this paragraph are denied, with proof demanded at trial.

### (THIRD CAUSE OF ACTION)

### (BREACH OF BAILMENT OBLIGATIONS AS TO THE SHIPMENT)

18. Norfolk Southern incorporates by reference its responses to Paragraphs 1 through 17 as if set forth at length herein.

19. Norfolk Southern is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 19 of the complaint. The allegations are denied, with proof demanded at trial.

20. The averments contained in Paragraph 20 are legal conclusions and/or the opinions of the plaintiff, neither of which call for a response; any factual allegations stated or implied in this paragraph are denied, with proof demanded at trial.

## (ALTERNATE FOURTH CAUSE OF ACTION)

## (BREACH OF CONTRACT AND OF DUTIES UNDER COGSA, 46 U.S.C. § 1300 ET. SEQ. AS TO THE SHIPMENT)

21. Norfolk Southern incorporates by reference its responses to Paragraphs 1 through 20 as if set forth at length herein.

22. The averments in paragraph 22 of the Complaint are legal conclusions to which no response is required. Any factual allegations stated or implied are denied.

23. The averments in paragraph 23 of the Complaint are legal conclusions to which no response is required. Any factual allegations stated or implied are denied.

## AFFIRMATIVE DEFENSES

1. Nipponkoa has failed to state a claim against Norfolk Southern upon which relief can be granted.

2. Nipponkoa has failed to satisfy conditions precedent for recovering upon the alleged claims, including but not limited to its failure to file a timely and proper claim for the alleged loss, and its failure to file a lawsuit within the time frame set forth in the terms and conditions governing the transportation.

3. Nipponkoa lacks standing to assert any claims against Norfolk Southern as it was not the consignee in connection with the claims at issue, nor was it the purchaser of the rail services or the beneficial owner of the allegedly damaged freight.

4. In the event that Nipponkoa has or had no title or interest in the shipment that is the subject of this action, then Nipponkoa is not the real party in interest and is not entitled to maintain this suit.

5. Nipponkoa's claims are untimely and barred pursuant to the provisions of the Bill of Lading, applicable agreements and applicable tariffs.

6. Claims asserted by Nipponkoa are barred by the applicable Statute of Limitations.

7. Nipponkoa's state law claims, including claims for breach of contract, negligent, reckless or willful conduct, and breach of bail obligations are specifically preempted by the Carmack Amendment of the Interstate Commerce Act.

8. Any loss or damage to the freight at issue is due to acts or fault of the shipper, consignee or other third parties over whom Norfolk Southern has no control.

9. Any loss or damage to the freight at issue is due to the inherent vice or nature of the freight itself, as well as improper preparation for rail transportation, and through no action of Norfolk Southern.

10. To the extent that the freight at issue was lost or damaged, said loss or damage was caused in whole or in part by the actions of third parties over whom Norfolk Southern has no control.

11. To the extent that Nipponkoa or any other parties has incurred any loss or damage as a result of the claims pled, Nipponkoa and/or the other parties have failed to take steps necessary to warrant the recovery of their losses or damages.

12. To the extent that Nipponkoa or any other parties incurred any loss or damage as a result of the claims plead, Nipponkoa and/or any other parties have failed to properly mitigate said losses or damages.

13. Nipponkoa has failed to properly and adequately obtain an assignment of the right to bring this lawsuit against Norfolk Southern; only the party that owns this claim may file suit against Norfolk Southern.

14. The extent that any liability of Norfolk Southern can be proven, said liability is limited to the amount pursuant to the provisions of the applicable Bills of Lading, agreements between the parties, and applicable tariffs.

15. The claim presented in this matter was so vague and indefinite that it failed to comply with the Code of Federal Regulations requirements, making it impossible for Norfolk Southern to reasonably and fully respond thereto.

16. Nipponkoa has not been injured or suffered any damages as a result of any conduct by Norfolk Southern.

17. Nipponkoa claims are barred pursuant to the doctrine of laches and or unclean hands.

**WHEREFORE**, Norfolk Southern Railway Company, having fully responded to the Complaint of plaintiff Nipponkoa Insurance Co., Ltd., U.S. Branch demands the following relief:

a. Judgment be entered in favor of Norfolk Southern;

  b.  Norfolk Southern shall recover all costs and fees incurred in connection with this Complaint; and

  c.  Any and all other relief which this court deems it is entitled.

Dated:  March 7, 2008

           Respectfully submitted,
           KELLY, RODE & KELLY, LLP

By: _____
John W. Hoefling (JH6577)
Attorneys for Defendant
330 Old Country Road, Suite 305
Mineola, NY 11501
(516) 739-0400
Our File No. JWH 100900-655

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing Answer to Complaint with Affirmative Defenses was served via U.S. Mail, postage pre-paid, on the date listed below upon the following counsel of record:

Maloof Browne & Eagan, LLC
Attorneys for Plainitff
411 Theodore Fremd Avenue, Suite 190
Rye, NY 10580-1411
David T. Maloff, Esq.
Thomas M. Eagan, Esq.

_____
John W. Hoefling (JH6577)
Attorney for Defendant

Dated: March 7, 2008

Index No. CV1302                    Year 20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NIPPONKOA INSURANCE CO., LTD., U.S. BRANCH

                           Plaintiff,

            -against-

NORFOLK SOUTHERN RAILWAY COMPANY,

                           Defendant.

---

### ANSWER TO COMPLAINT WITH AFFIRMATIVE DEFENSES

---

*Attorneys for*

**KELLY, RODE & KELLY, LLP**

DEFENDANT

330 OLD COUNTRY ROAD
SUITE 305
MINEOLA, NEW YORK 11501
TELEPHONE NO. (516) 739-0400
FACSIMILE NO. (516) 739-0434

---

*Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.*

*Dated:*..............................    Signature .........................................................................................

                                    Print Signer's Name..................................................................................

---

*Service of a copy of the within*                                           *is hereby admitted.*
*Dated:*

                                        ..........................................................................
                                        *Attorney(s) for*

---

*PLEASE TAKE NOTICE*

Check Applicable Box

☐ **NOTICE OF ENTRY**    that the within is a (certified) true copy of a
entered in the office of the clerk of the within-named Court on                                  20

☐ **NOTICE OF SETTLEMENT**    that an Order of which the within is a true copy will be presented for settlement to the
Hon.                                        , one of the judges of the within-named Court,
at
on                                  20         , at                M.

Dated:

                                                      **KELLY, RODE & KELLY, LLP**
                               *Attorneys for*

                                                       330 OLD COUNTRY ROAD
To:                                                                      SUITE 305