Jeffrey D. Cohen, Esquire (*pro hac vice*)
KEENAN COHEN & HOWARD P.C.
One Pitcairn Place, Suite 2400
165 Township Line Road
Jenkintown, PA 19046
Telephone: (215) 609-1110
Facsimile: (215) 609-1117

*Attorneys for Defendant*
*Norfolk Southern Railway Company*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NIPPONKOA INSURANCE COMPANY LIMITED, U.S. BRANCH | NO.: 08 CIV. 1302 |
| *Plaintiff,* | **JUDGE SAND** |
| - against - | **NOTICE OF DEFENDANT NORFOLK SOUTHERN RAILWAY CO.'S MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)** |
| NORFOLK SOUTHERN RAILWAY COMPANY | |
| *Defendant.* | |

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U. S. C. § 1404(a), and upon the Declaration of Pamela Blakeney, dated April 11, 2008 and exhibits thereto and the accompanying Memorandum of Law, Defendant, Norfolk Southern Railway Company ("Norfolk Southern") moves this Court for an Order transferring this action to the United States District Court for the Southern District of Ohio ("SDOH"). In support of this motion, Norfolk Southern states as follows:

1.  Plaintiff is an insurance company which filed this lawsuit seeking to recover pursuant to assigned subrogation rights for damage to freight that was allegedly incurred by its insured while the freight was in transit from Japan to Ohio.

2. The aforementioned freight moved *via* ocean carrier from Japan to Los Angeles, California, and then *via* railroad from Los Angeles to a point near Columbus, Ohio.

3. Plaintiff alleges that, upon arrival in Columbus, Ohio, its insured's freight was determined to have been damaged while en route.

4. Plaintiff contends that its insured is entitled to recover from Norfolk Southern for the alleged damage to the freight pursuant to 49 U.S.C. § 11706 ("the Carmack Amendment"), among other theories.

5. Although venue as alleged is technically proper in the United States District Court for the Southern District of New York ("SDNY"), venue would also be proper and obviously more appropriate and convenient to all witnesses in the Southern District of Ohio.

6. Neither of the parties to the transportation agreement nor the freight ever had any connection to New York whatsoever. Venue is being determined in this case solely due to the location of an insurance company for one of the parties, and is convenient only to that insurance company which insured the freight -- a complete stranger to the transaction and movement of the freight.

7. A key element of Plaintiff's claim will be the condition of the freight upon delivery in the Southern District of Ohio. Witnesses as to the condition at delivery are located in the Southern District of Ohio or within 100 miles of the U.S. Courthouse in Columbus, Ohio.

8. For the convenience of parties and witnesses, and in the interest of justice, this matter should be transferred to the United States District Court for the Southern District of Ohio.

Respectfully submitted,

**KEENAN COHEN & HOWARD P.C.**

By:   /s/ Jeffrey D. Cohen
Jeffrey D. Cohen, Esquire (*pro hac vice*)
One Pitcairn Place, Suite 2400
165 Township Line Road
Jenkintown, PA 19046
Telephone: (215) 609-1110
Facsimile: (215) 609-1117

Attorneys for Defendants
Norfolk Southern Railway Co.

**OF COUNSEL**

Shawn P. Kelly, Esquire
**KELLY, RODE & KELLY**
330 Old County Road, Suite 305
Mineola, NY 11501
Telephone:   (516) 739-0400
Facsimile:   (516) 739-0431

Dated: May 12, 2008

3

## CERTIFICATE OF SERVICE

I, the undersigned counsel, hereby certify that on May 12, 2008, a true and correct copy of the foregoing Notice of Defendant Norfolk Southern Railway Co.'s Motion to Transfer Venue Pursuant to 28 U.S.C. 1404(a) was filed electronically. Notice of this filing will be sent to the following party, listed below, by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

>David T. Maloof, Esquire
>Thomas M. Eagan, Esquire
>MALOOF BROWN & EAGAN, LLC
>411 Theodore Framd Avenue, Suite 190
>Rye, NY 10580-1411
>
>*Attorneys for Plaintiff*
>*Nipponkoa Insurance Company Ltd.*

By:    /s/ Jeffrey D. Cohen
         Jeffrey D. Cohen, Esquire