Jeffrey D. Cohen, Esquire (*pro hac vice*)
KEENAN COHEN & HOWARD P.C.
One Pitcairn Place, Suite 2400
165 Township Line Road
Jenkintown, PA 19046
Telephone:  (215) 609-1110
Facsimile:  (215) 609-1117

*Attorneys for Defendant*
*Norfolk Southern Railway Company*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NIPPPONKOA INSURANCE CO., LTD., U.S. BRANCH, | **NO.: 08 CIV. 1302** |
| *Plaintiff,* | **JUDGE SAND** |
| - against - | **DEFENDANT NORFOLK SOUTHERN RAILWAY'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. 1404(a)** |
| NORFOLK SOUTHERN RAILWAY COMPANY, | |
| *Defendant.* | |

      Plaintiff Nipponkoa Insurance Co., Ltd., U.S. Branch ("Nipponkoa") has filed this lawsuit against defendant Norfolk Southern Railway Company ("Norfolk Southern") in this judicial district for damage to freight shipped by its insured from Japan to Columbus, Ohio. Plaintiff claims that the alleged damage to the freight resulted from a train derailment which occurred in the Southern District of Ohio.

      After being transported by ocean carrier from Japan to California, the freight moved by rail from California to its destination in Columbus, Ohio.  None of the events giving rise to the claims pled occurred anywhere near the State of New York.  In fact, the only connection that the State of New York has to this case is the serendipitous fact that Nipponkoa, which insured the shipment for its beneficial owners, happens to have an office there.  For the reasons discussed more fully below, this Court should transfer venue of this matter to the United States District

Court for the Southern District of Ohio for the convenience of all witnesses, as the place of business of one party's insurance carrier should not dictate the forum to the inconvenience of all parties and non-party witnesses.

## STATEMENT OF RELEVANT FACTS

Nipponkoa seeks to recover damages arising from a shipment of auto parts, which is alleged to have been damaged due to a train derailment that occurred on or about May 29, 2007, approximately thirty miles north of Columbus, Ohio.

An ocean bill of lading ("MOL Way Bill") issued by Mitsui O.S.K. Lines, Ltd. governed the movement of the auto parts. The MOL Way Bill identifies Imasen Electric Industrial Co., Ltd. as the shipper of the freight and Imasen Bucyrus Technology Inc., Bucyrus, Ohio as the consignee.

The MOL Way Bill indicates that the auto parts were loaded onto the vessel APL Australia in five containers at Nagoya, Japan.  Los Angeles is identified as the "port of discharge."  Columbus is identified as the "place of delivery."

Plaintiff alleges that Norfolk Southern was the delivering carrier for the rail transportation of the auto parts from Los Angeles, CA to Columbus, OH.  Complaint ¶ 3.  The auto parts were shipped to a warehouse in Columbus, Ohio.  There, they were inspected by Robert Maldeis, Senior Marine Surveyor in VeriClaim's Columbus, Ohio office.  Additionally, Mr. Maldeis prepared a First Report, dated July 24, 2007, that identified the representatives of consignee Imasen Bucyrus Technology involved in inspecting the auto parts in Ohio, determining whether the parts were damaged, and the value of the damaged parts.  Those representatives in Ohio included:

Rick Dudicks, Vice President Operations, Imasen Bucyrus Technology, Columbus, Ohio.

Gene Taylor, QA Manager, Imasen Bucyrus Technology, Columbus, Ohio.

**ARGUMENT**

I.    **THIS COURT HAS BROAD DISCRETION TO TRANSFER VENUE TO THE SOUTHERN DISTRICT OF OHIO PURSUANT TO 28 U.S.C. § 1404(a).**

Under 28 U.S.C. § 1404 (a) this Court should transfer the venue of this action to the Southern District of Ohio as a more appropriate forum for the convenience of the parties, numerous non-party witnesses, and in the interest of justice.

Title 28, Section 1404(a) of the United States Code provides in pertinent part:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404 (a).

The provisions of 28 U.S.C. § 1404 (a) are more than simply a codification of the common law doctrine of *forum non conveniens*.  The statute permits transfer of venue upon a lesser showing of inconvenience than would be required under common law doctrine and permits District Courts to exercise broader discretion in transferring a case under this statute than would be permitted under common law *forum non conveniens* doctrine. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253, 102 S.Ct. 252, 265 (1981).

To transfer an action pursuant to 28 U.S.C. § 1404(a), the following requirements must be met: (1) the action could have been brought in the transferee district court; and (2) a transfer serves the interest of justice and the convenience of the witnesses and parties.  As discussed more fully below, both requirements are overwhelmingly satisfied in this case.

A.    **The Action Could Have Been Brought in the Transferee Court.**

Plaintiffs assert a claim based on the Carmack Amendment, 49 U.S.C. § 11706, which has its own special venue provisions.  Assuming that the Carmack Amendment does, in fact, govern this action, venue would be proper in the Southern District of Ohio under 49 U.S.C. §

11706(d)(2)(A)(ii), which provides for venue "against the delivering carrier,…in the judicial district in which the point of destination is located…".  Norfolk Southern was the delivering carrier.  The rail destination for the shipment was Columbus, Ohio, which is located within the Southern District of Ohio.[1]

In the event that this Court determines that plaintiff's claims are not governed by the Carmack Amendment, then venue is controlled by the general venue statute at 28 U.S.C. § 1391(c).  This action could have been brought in the United States District Court for the Southern District of Ohio pursuant to 28 U.S.C. § 1391(c), because Norfolk Southern would be subject to the personal jurisdiction of the Court in that district.  Furthermore, Defendants  dispute the amount of damages claimed, and those amounts were determined by witnesses, including several non-party witnesses, virtually all of whom are believed to reside in Ohio, and who conducted inspections while the various shipments were located in Ohio.  All of the events which have a bearing on the dispute at issue occurred in Ohio.

**B.      Transfer to the Southern District of Ohio Would be More Convenient For the Witnesses and the Parties and Would Serve the Interest of Justice.**

Before addressing the specific factors that this Court must consider when determining whether transfer would be more convenient for witnesses and the parties, Norfolk Southern initially notes that, in order to establish a *prima facie* claim for damage to freight under the Carmack Amendment, the plaintiff will have to prove (1) that the freight was in good condition at the point of origin, (2) that it was in damaged condition at the point of destination, and (3) its damages.  *Missouri P. R. Co. v. Elmore & Stahl*, 377 U.S. 134, 138, 84 S.Ct. 1142, 1145 (1964); *Sec. Ins. Co. v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 81 (2d Cir. 2004); *see also  Am.*

---

[1]      Norfolk Southern requests that the Court take judicial notice of the fact that Columbus, Ohio, the rail destination for the auto parts shipments, is located in Franklin County. Franklin County is located in the Eastern Division of the Southern District of Ohio.  28 U.S.C. § 115(b)(2).

*Pac. Enters., LLC v. Celadon Trucking Servs., Inc.*, 2006 U.S. Dist. LEXIS 55236, *8 (S.D.N.Y. August 9, 2006). Since the auto parts shipment originated in Japan, all of the witnesses who might speak to the condition of the freight at origin are there. However, witnesses, both party and non-party, who might speak to the condition of the freight upon arrival at destination and the alleged value of the damaged goods are located exclusively in Ohio. The freight was never present in New York.

In determining whether transfer is warranted "for the convenience of the parties and witnesses and in the interest of justice" under § 1404(a), courts consider several factors which include: (1) the plaintiffs choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof; (4) the convenience of the parties; (5) the locus of operative facts; (6) the availability of process to compel the attendance of unwilling witnesses; and (7) the relative means of the parties.[2] *D.H. Blair & Co., Inc. v. Gottdiener,* 462 F. 3d 95, 106-07 (2nd Cir. 2006). "These factors do not comprise an exclusive list, nor are they to be applied in a mechanical or formulaic manner. Rather, they, and any other factors peculiar to the particular case in question, serve as guideposts to the court's informed exercise of discretion." *Albert Fadem Trust v. Duke Energy Corp.*, 214 F. Supp. 2d 341, 343 (S.D.N.Y. 2002).

---

[2]    Some courts have identified the "forum's familiarity with the governing law" as a factor to be considered when resolving a transfer motion. *Gerling Am. Ins. Co. v. FMC Corp.*, 1998 U.S. Dist. LEXIS 11080, *13 (S.D.N.Y. 1998). This is an important factor in cases where application of the substantive law requires a choice of law analysis. *Id*. Here, the governing law, whether Carmack, or COGSA will contend, is federal. This factor should, therefore, not be part of the Court's analysis.

1.      **Convenience of Witnesses**

The convenience of both party and non-party witnesses is considered the most important factor in the analysis of whether a transfer should be granted.  *Nieves v. American Airlines*, 700 F. Supp. 769, 772 (S.D.N.Y. 1988).  In this case, the witnesses and documentation relevant to the operative facts are located in Ohio.  More specifically, the following took place in Ohio:

- The freight was involved in a derailment which occurred on May 29, 2007 near Radnor, Ohio (north of Columbus, Ohio).

- The freight containers were recovered from the accident site near Radnor, Ohio.

- Four of the containers of freight were delivered to Toronto Warehouse in Columbus, Ohio.

- A fifth container was delivered directly to the consignee located in Marion, Ohio in its original container.

- The contents of three containers required transloading at Toronto Warehouse in Columbus, Ohio prior to final transportation to the consignee's warehouse in Marion, Ohio.

- Inspections of the freight took place in Columbus, Ohio and in Marion, Ohio.

- Witnesses in attendance included Guy Wofenburger of Toronto Warehouse in Columbus, Ohio, Rick Dudicks of the Marion Industrial Center, and Gene Taylor of the Marion Industrial Center in Marion, Ohio.

- In addition to non-party witnesses located in Ohio, relevant Norfolk Southern witnesses are also located in Ohio.

- The relevant handling of the freight while in Norfolk Southern's possession took place in Ohio.

- The relevant Norfolk Southern personnel notified of, present at, handling the derailment, and transportation of the freight would all be located in Ohio.

Furthermore, there is **no nexus with New York whatsoever as the freight did not even pass through New York**.[3]  The only apparent connection to New York is that Nipponkoa , the insurer, allegedly maintains a place of business in New York, and Nipponkoa's counsel is located in New York.  Accordingly, well established law dictates this factor weighs heavily in favor of transfer to the Southern District of Ohio.

### 2.    The Plaintiff's Choice of Forum

Although the plaintiff's initial choice of forum is ordinarily "accorded a great weight," application of 28 U.S.C. § 1404(a) results in mere transfer and not dismissal of the action, and, therefore, "the plaintiff's choice of forum is not accorded any great significance in the analysis." *Gerling Am. Ins. Co. v. FMC Corp.*, 1998 U.S. Dist. LEXIS 11080, *14 (S.D.N.Y. 1998). Moreover, plaintiffs' choice of forum should be given "reduced emphasis" when "the operative facts upon which the litigation is brought bear little material connection to the chosen forum." *Nieves*, 700 F. Supp. at 772.  Given the obvious lack of any material connection to New York, this factor weighs heavily in favor of transfer.

### 3.    The Convenience of the Parties

Plaintiff Nipponkoa is a foreign corporation that allegedly has a place of business in New York.  However, plaintiff's insured has its place of business in Ohio, and defendant Norfolk Southern is a corporation organized under the laws of the Commonwealth of Virginia with a principal place of business in Norfolk, Virginia.  Therefore, this factor is neutral in regard to whether the matter should be transferred to Ohio.

### 4.    The Location of Relevant Documents

The manufacture, loading, and initial transportation of the freight occurred in Japan. After the alleged damage to the freight occurred in Ohio, the freight was transported to a

---

[3] See Declaration of Pamela Blakeney attached as Exhibit A and attachments A(1) through A(5).

warehouse in Columbus, Ohio and then to another warehouse in Marion, Ohio. Accordingly, many, if not all, necessary documents which pertain to these acts are located in Ohio. This factor weighs in favor of transfer of venue to Ohio.

### 5.    The Locus of Operative Facts

As noted above, "locus of operative facts" with respect to the condition of the freight at origin would be in Japan. The locus of operative facts with respect to the condition of the freight at destination, however, would be in the State of Ohio, where the freight at issue was allegedly damaged, and where the freight was delivered, unloaded, and inspected for damage. There is no location in the Southern District of New York where any "operative facts" occurred. *See, e.g., Royal Ins. Co. of America v. U.S.A.*, 998 F. Supp. 351, 353-54 (S.D. N.Y. 1998)("The weight accorded to a plaintiff's choice of venue is significantly diminished, however, where the operative facts have no connection to the chosen district."). This factor weighs heavily in favor of transfer to the Southern District of Ohio.

### 6.    Availability of Process to Compel the Attendance of Unwilling Witnesses

The ability of this Court to compel attendants of non-party witnesses is an important factor in the Court's consideration. *Hernandez v. Graebel Van Lines*, 761 F. Supp. 983, 990 (E.D.N.Y. 1991). It is possible that many of the non-party witnesses located in Ohio may be unwilling to travel to New York to testify at trial. This would hamper the parties' ability to effectively present their respective cases. If the case is transferred to Ohio, however, the Court in Ohio would have the ability to compel the attendance of the unwilling witnesses who reside within the district or within 100 miles of the district under Fed. R. Civ. P. 45(b)(2). *See Royal Ins. Co. of America v. U.S.A.*, 998 F. Supp. 351, 354 (S.D. N.Y. 1998)("While it would be possible to introduce at trial *de bene esse* depositions of these witnesses, perhaps taken by

videotape, such a procedure is a poor substitute for live testimony"). Accordingly, since most of the non-party witnesses reside within or near the Southern District of Ohio, this factor weighs in favor of transfer to Ohio.

### 7.    The Relative Means of the Parties

Where a disparity between the parties exists, the court may also consider the relative means of the parties in determining whether or not to transfer. *Hernandez v. Graebel Van Lines*, 761 F. Supp. at 989. In this case, the parties are large corporations. There is no obvious disparity. No showing can be made that litigating this matter in Ohio would impose any undue hardship on any party.

### CONCLUSION

The transfer of this action to the United States District Court for the Southern District of Ohio satisfies the statutory requirement (1) that it could have been brought in the transferee district and (2) that it serves the interest of justice and the convenience of the witnesses and parties. Not <u>one</u> of the factors which courts routinely consider when considering the "convenience of witnesses and parties" element weighs in favor of this case remaining in the Southern District

of New York, which is convenient to no one except plaintiff's counsel. Instead, the balance clearly tips in favor of transferring this case to the Southern District of Ohio. Accordingly, this Court should grant the instant motion and transfer this case to the Southern District of Ohio.

Attempts by insurance carrier's counsel to skew venue to counsel's convenience, and to the inconvenience of all witnesses, by filing cases in this District which have no factual nexus to this District, have in the past been transferred by this Court to Districts where the witnesses actually reside. *See*, CNA Insurance Company v. Hyundai Merchant Marine Co., Ltd. et al., CASE #: 1:06-cv-07748-AKH (Docket and Order Transferring Case attached as Exhibit B).

Defendant respectfully moves this Court to rule likewise as required by obvious principles of fairness and justice.

Respectfully submitted,

**KEENAN COHEN & HOWARD P.C.**

By:     /s/ Jeffrey D. Cohen
Jeffrey D. Cohen, Esquire (*pro hac vice*)
One Pitcairn Place, Suite 2400
165 Township Line Road
Jenkintown, PA 19046
Telephone: (215) 609-1110
Facsimile:  (215) 609-1117

Attorneys for Defendants
Norfolk Southern Railway Co.

**OF COUNSEL**

Shawn P. Kelly, Esquire
**KELLY, RODE & KELLY**
330 Old County Road, Suite 305
Mineola, NY 11501
Telephone:    (516) 739-0400
Facsimile:     (516) 739-0431

Dated: May 12, 2008

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned counsel, hereby certify that on May 12, 2008 a true and correct copy of the foregoing Defendant's Memorandum of Law in Support of Motion to Transfer Venue Pursuant to 28 U.S.C. 1404(a) was filed electronically.  Notice of this filing will be sent to the following party, listed below, by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

David T. Maloof, Esquire
Thomas M. Eagan, Esquire
MALOOF BROWNE & EAGAN LLC
411 Theodore Fremd Avenue, Suite 190
Rye, New York 10580-1411


By:    /s/ Jeffrey D. Cohen
Jeffrey D. Cohen, Esquire

EXHBIT A

Shawn P. Kelly, Esquire
KELLY, RODE & KELLY
330 Old County Road, Suite 305
Mineola, NY 11501
Telephone: (516) 739-0400

*Attorneys for Defendant*
*Norfolk Southern Railway Company*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NIPPPONKOA INSURANCE CO., LTD., U.S. BRANCH, | **NO.: 08 CIV. 1302** |
| *Plaintiff,* | **JUDGE SAND** |
| - against - | **DECLARATION OF PAMELA BLAKENEY IN SUPPORT OF DEFENDANT NORFOLK SOUTHERN RAILWAY'S MOTION TO TRANSFER VENUE** |
| NORFOLK SOUTHERN RAILWAY COMPANY, | |
| *Defendant.* | |

I, Pamela Blakeney, declare that I am a currently employed by defendant Norfolk

Southern Railway Company and am authorized to make this declaration on behalf of Norfolk

Southern Railway Company.

1.    Norfolk Southern never transported the freight which is the subject of this

Complaint in New York.

2.    Attached as Exhibit A to this Declaration is a true and correct copy of certain

documents submitted to Norfolk Southern regarding the subject of the lawsuit including:

a.    Letter from MOL (America), Inc., dated August 27, 2007. Exhibit A(1) to

this Declaration.

b.    MOL Mitsui O.K.K. Lines, Ltd. Way Bill numbered MOLU215233890.

Exhibit A(2) to this Declaration.

    c.      First Report, Survey File No. DET07219250RDM by VeriClaim (Exhibit

                A(3) to this Declaration.

    d.      Incident Report No. 29229.  Exhibit A(4) to this Declaration.

    e.      Copies of photograph.  Exhibit A(5) to this Declaration.

    I declare under penalty of perjury that the foregoing is true and correct.  Executed on

April _11th_, 2008.

Pamela Blakeney

2

# EXHBIT A(1)

160 Fieldcrest Avenue
Box 7804
Edison, NJ 08818-7804
Phone: 732-512-5373
Fax: 732-512-5290

August 27, 2007

Norfolk Southern
1200 Peachtree Street NE
Box 153F
Atlanta, GA 30309
Attn: Claims Department

Re:     M/V: APL Australia V.025E
        B/L#: MOLU215233890
        Alleged Loss Pertains to Cntr(s)#: CAXU990820-3, MOTU051532-0,
        MOTU050124-4, MOAU069428-1, and CAXU655316-2
        Nature of Claim: Damaged due to a Derailment
        Amount: $289,000 (Est.)
        Our Ref#: AAU2-025E-02

Dear Sirs:

We enclose herewith a copy of the cargo claim received from VeriClaim, Inc. dated July
31, 2007 along with supporting documentation.

The cargo suffered damages as a result of a derailment in Troyton, Ohio on May 29,
2007. Since the containers were in your care at the time of this incident, you are liable for
the damages the cargo was subjected to. Therefore, please send us the sum of
$289,000.00.

Your prompt attention to this matter is greatly appreciated.

Sincerely,

MOL (America) Inc.
Operations Administration

By: _____
    Tricia Platt

EXHBIT A(2)

| Shipper | | Booking No. 215233890-3 | Waybill No. MOLU215233890 |
|---|---|---|---|

**Shipper**
IMASEN ELECTRIC INDUSTRIAL CO., LTD.
NO.1 KAKIHATA, INUYAMA-CITY,
ICHI 484-8507 JAPAN

S/C# D020943A07

**Consignee**
IMASEN BUCYRUS TECHNOLOGY INC.
260 CROSSROADS BOULEVARD
BUCYRUS, OHIO 44820 U.S.A.
ATTN:MR.CRAIG ANDREW, PRODUCTION CONTROL

**Notify Party**
SAME AS CONSIGNEE

RECEIVED in apparent external good order and condition except as otherwise noted the total number of Containers or other packages or units enumerated below(*) for transportation from the Place of Receipt to the Place of Delivery subject to the terms and conditions on the face and back hereof and delivery there to the Consignee on production of proof of identity.

IN WITNESS WHEREOF, the undersigned, on behalf of Mitsui O.S.K.Lines Ltd., as the Carrier, has signed the number of Waybill(s) stated under, all of even date and tenor.

This Waybill is not to be construed as a Bill of Lading or as any other similar document of title as referred in the International Carriage of Goods by Sea Act of Japan, 1957 as amended 1992 or any other foreign legislation of a nature similar to the International Convention for the Unification of Certain Rules relating to Bills of Lading signed at Brussels on August 25, 1924 or the amendments by the Protocol signed at Brussels on February 23, 1968 or the amendment by the Protocol signed at Brussels on December 21, 1979. (The terms and conditions of Waybill continued on the back hereof.)

Shipper's Declared Value _____ USD subject to terms and conditions hereof.

**Also Notify**                               (For Merchant's reference only)

SHIPPER'S PALLET LOAD AND COUNT

| Pre-carriage by | Place of receipt NAGOYA CY | | |
|---|---|---|---|
| Ocean vessel/Voy. No.025E APL AUSTRALIA | Port of loading NAGOYA, JAPAN | | |
| Port of discharge LOS ANGELES, CA | Place of delivery COLUMBUS, OH CY | | Final destination for the Merchant's reference |

| Container No./Seal No./Marks & Nos. | No. of Containers or Packages | HM | Type or Kind of Containers or Packages - Description of goods | Gross Weight (KGS) | Measurement (M3) |
|---|---|---|---|---|---|
| MOTU0501244/U261855/C4 MOTU0515320/U261870/C4 CAXU09908203/U261827/C4 MOAU0694281/U261805/S2 CAXU06553162/U261802/S2 | 2 X 20' 3 X 40' | | FREIGHT COLLECT. SHIPPER'S LOAD AND COUNT. DRY CONTAINERS AND HIGH CUBE CONTAINERS SAID TO CONTAIN: | | |
| IBI716 IB-TECH LUMBUS, OH NO.1-24,26-146 DE IN JAPAN | | | 5826 CARTONS PARTS FOR SEAT RECLINER/ADJUSTER  145 P/E = 144 P/T ( 5,825 C/T ) & 1 C/T "WAYBILL"  Waybill for IBI716 | 61,854.00 | 210.173 |

* Total number of Containers or other packages or units received by the Carrier (in words)   **FIVE CONTAINERS**

| Code | Tariff Item | Basis | Freighted as | Curr. | Rate | Per | Prepaid | Collect |
|---|---|---|---|---|---|---|---|---|
| OFR | D020943A07 | 40 | 3.000 40 | USD | 4550.00000 | 40 | | 13650.00 |
| OFR | D020943A07 | 20 | 2.000 20 | USD | 3450.00000 | 20 | | 6900.00 |
| THC | | 40 | 3.000 40 | JFY | 29000.00000 | 40 | 87000.00 | |
| THC | | 20 | 2.000 20 | JFY | 21000.00000 | 20 | 42000.00 | |

| No. of Originals | Place and date of Waybill issue: NAGOYA | | Totals & Pay at: | JFY 129000.00 NAGOYA | USD 20550.00 DESTINATION |
|---|---|---|---|---|---|

LADEN ON BOARD THE VESSEL APL AUSTRALIA VOY NO 025E AT NAGOYA

| Date | Signature | Mitsui O.S.K Lines (Japan) Ltd. As Agents | Mitsui O.S.K.Lines,Ltd. as Carrier |
|---|---|---|---|
| COPY | WA | | By Mitsui O.S.K Lines (Japan) Ltd. As Agents |

MO - 201 (100.000) PRINTED IN JAPAN EM

REC'D MAY 1 1 2007

EXHBIT A(3)

**VeriClaim**
Providing claims services for the insurance industry since 1918

34 Winthrop Road
Columbus, OH 43214
Phone: 614.261.6005
Fax:    614-386-1292
Email : rmaldeis@vericlaiminc.com

## FIRST REPORT, SURVEY FILE NO. DET07219250RDM

### Examined For The Account Of Whom It May Concern

At The Request Of: VeriClaim, Inc., Los Angeles Marine Adjusting Dept.

| RE: | | | |
|---|---|---|---|
| | Conveyance | : | APL AUSTRALIA  V. 025E |
| | Arrival | : | Los Angeles, on/about May 21, 2007 |
| | B/L No. | : | MOLU215233890 |
| | Container No. | : | Five containers (see Transit Details) |
| | Shipment | : | 144 Pallets, 5826 Cartons Parts for Seat Recliner / Adjuster |
| | Assured | : | Imasen Electric Industrial Co., Ltd. |
| | Policy No. | : | JFMO488K3714 |
| | Your Ref. No. | : | To be advised. |
| | Our File No. | : | DET07219250/RDM |

## THIS IS TO CERTIFY THAT:

### BACKGROUND:

Survey was requested on June 15, 2007 by Mr. Joseph W. Stevens of VeriClaim, Los Angeles Marine Adjusting Dept. Based on the preliminary information provided to us, this loss was estimated to be in the approximate amount of $223,000.  It was reported that the stated shipment had suffered physical damage due to a derailment.

### SHIPMENT PARTICULARS:

| | |
|---|---|
| **Shipment:** | 551,266 pcs. parts for assembly of automobile seat recliners and adjusters, for new vehicle assembly. Shipped on 144 pallets and in 5 containers. |
| **Invoice:** | No. IB1716 dated May 7, 2007 in the amount of $330,591.95 F.O.B. Japan for parts and $6,426.00 F.O.B. Japan for returnable packing. |
| **Shipper:** | Imasen Electric Industrial Co., Ltd. Aichi, Japan |
| **Consignee:** | Imasen Bucyrus Technology, Inc. (IB-Tech) 260 Crossroads Boulevard Bucyrus, Ohio 44820 |
| **Customer:** | Not applicable. |

## TRANSIT DETAILS:

Five FCL containers were used for the shipment. All containers were intended to have been shipped door/door. The containers are identified as follows:
CAXU9908203, 40 ft. dry van
MOTU0515320, 40 ft. dry van
MOTU0501244, 40 ft. dry van
MOAU0694281, 20 ft. dry van
CAXU6553162, 20 ft. dry van

The containers were discharged from the ocean vessel on May 22, 2007 and delivered to ATSF as rail carrier at Los Angeles the same day.  All five containers departed the origin rail terminal destined for Columbus, Ohio on May 24, 2007.

Documentation obtained from MOL indicates arrival of all five containers at Norfolk Southern Railroad (NS) Columbus, OH was scheduled for May 29. There are no comments regarding condition of the containers on the documentation.

All five containers were involved in a derailment which occurred on May 29, 2007 at 3:41 AM. The train was inbound to Columbus. Location was near Radnor, Ohio approximately 30 miles north of Columbus.

Container CAXU6553162 departed NS Columbus on May 30 and was delivered to the consignee on that date.

Four containers were recovered from the accident site and delivered to Toronto Warehouse, Columbus, Ohio on/about May 31 at the direction of NS. MOAU0694281 was delivered to the consignee in the original container and the other three containers and goods shipped in them remained at Toronto Warehouse.

Contents of the remaining three containers required transloading prior to commencement of transit and were delivered to the consignee's warehouse in Marion, Ohio on June 21, 2007.


## SURVEY / INVESTIGATION FINDINGS:

### Attendance Dates and Locations:

June 18, 2007 at Toronto Warehouse, 2020 Williams Road, Columbus, Ohio 43207.
June 27, 2007 at Marion Industrial Center, 3007 Harding Highway East, Marion, Ohio 43302.

### Parties in Attendance:

- Guy Wolfenbarger of Toronto Warehouse at Toronto Warehouse.

- Rick Dudicks, Vice President Operations for IB-Tech at Marion Industrial Center.
- Gene Taylor, QA Manager for IB-Tech at Marion Industrial Center.

## Documents Obtained:

- copy Commercial Invoice
- copy Packing List
- copies Container Loading Lists
- copy Shipping Advise
- copy Ocean Bill of Lading
- copies shipment updates from Meiko America
- copies e-mail notifications of derailment from Meiko America to I.B. Technology
- copy container tracking data
- copy rail carrier Incident Report
- copies information pertaining to rail track components and construction
- copy first rejection list
- copy claim statement with itemization and Quality Report attached

## Documents Requested, Not Yet Furnished:

Invoices/estimates for additional transportation costs including air freight.
Documentation of import duty costs.

## Narrative:

Three damaged containers and goods stowed in the containers at origin were available for inspection at Toronto Warehouse. Container identifications and damage as follows: CAXU990820, left side wall heavily bent in and bulged, left front corner post and front wall bent in, doors torn off.
MOTU0515320, left wall bent in/bulged, left bottom side rail bent up, roof and right sidewall crushed, right door torn off.
MOTU0501244, right wall heavily bent in and bulged, front wall at top and upper front rail bent in.

All of the containers had soil imbedded in corrugations at damage areas. All of the containers appeared to have fallen from railcars.

The shipment was packed in corrugated fiberboard cartons or in returnable plastic tubs and stacked on returnable plastic pallets. Inner packing consisted of corrugated fiberboard inner carton separation panels, air cushion poly sheet wrap and flat poly sheet wrap.

Packing appeared customary and adequate for containerized transit under normal conditions. Shipping labels contained the following information:
IBI 716
IB-TECH
C/NO. 145 (etc.)

Exteriors and interiors of cartons were typically crushed, parts appeared to have been re-cooped and placed back into tubs and loose parts were re-cooped into 55 gallon steel drums.

The shipment consisted of various types of mechanical parts, generally made from steel. Parts placed in drums were typically soiled and abrasion damage and paint damage was noted.

Items in sound condition were said to have been segregated at Toronto Warehouse and shipped to IB-Tech prior to the survey.

During our attendance at Marion Industrial Center were advised by Mr. Taylor that container CAXU6553162 was not damaged and had no damage to contents.

Container MOAU0694281 was said to have had a damaged left side wall and appeared to have fallen to the ground. Sound parts were segregated at IB-Tech and damaged/rejected parts were taken to Marion Industrial Center.

Damaged parts from the three containers initially unloaded at Toronto Warehouse were segregated a second time after arrival at Marion Industrial Center.

Mr. Taylor advised it was not possible to check all of the rejected parts for non-visible damage. Visible damage consisted of abrasions, paint damage, minor bending and soiling affecting some parts. Mr. Taylor advised the segregated parts presented for inspection at Marion Industrial Center were rejected due unknown extent of non-visible damage.

The initial itemized list of rejected parts had parts value of $223,650.81 and the value was revised to $217,045.77 following the second segregation.


## DISPOSITION:

Parts valued at $217,045.77, per the attached list, are rejected.

In the opinion of the undersigned rejection is reasonable in view of end use and complexity of the items shipped.


## LOSS SUMMARY:

Claim itemization has been presented as follows:

Value of rejected parts -                        $217,045.77

Labor Costs:
    Administrative - $3,472.00
    Segregation Sorting - $6,076.00
    Labor Subtotal -                      $9,548.00

| | |
|---|---|
| Freight Costs - | $59,633.19 |
| Import Duty - | $982.05 |
| Damaged Returnable Packing - | $984.40 |
| Total - | $288,193.41 |

Documentation in support of claim items have been requested (see Documents Requested).

## CAUSE OF DAMAGE:

Based on our investigation, damage was caused by a derailment during rail transit by Norfolk Southern. Norfolk Souther Incident Report No. 29229 indicates derailment on 5/29/07, 3:41 AM between Troyton and S. Marion, Ohio, traveling eastbound. Ten railcars derailed at speed of 48 MPH.

Cause is stated to be "joint bars broke under movement due to prior fatigue cracking." Joint bars are clamp plates placed at ends of track sections to join the track sections. A broken joint bar would permit separation of track sections. Further detail and diagrams are attached to this report.

## RECOVERY:

We have obtained copies of claims presented to MOL (America) and Norfolk Southern Corporation.

Invitations to survey/documentation requests and the claim submitted by IB-Tech have been sent to:
MOL (America), Inc.
160 Fieldcrest Avenue
Edison, NJ 08837

Norfolk Southern Corporation
185 Spring St., SW Box 153
Atlanta, GA 30303

## DESCRIPTION OF PHOTOGRAPHS:

1 – 4   CAXU9908203
5 – 10   MOTU0515320
11 – 14   MOTU0501244
15 – 39   rejected parts in storage at Toronto Warehouse
40 – 57   rejected parts at Marion Industrial Center

All our actions in this matter are without prejudice and subject to the terms and conditions of the policy of insurance.

**VeriClaim**

Robert Maldeis
Senior Marine Surveyor

Columbus, Ohio
File No.: DET07219250/RDM
Date: July 24, 2007

# EXHBIT A(4)

INCIDENT REPORT

REPORT #:   29229
SPECIAL CAPTURE CODE: D29229
TYPE:   D = DERAILMENT WITH NO PERSONAL INJURY
DIVISION:   LAKE                        03:41 AM   05-29-07   TROYTON  OH
MILEPOST:   S031.30                     BETWEEN:   TROYTON  -S.MARION
CONDUCTR:   S.A.CARROLL                 ENGINEER:  T.Q.FERGUSON
TRAIN-NO:   26NL828                     ACC-TYPE:  DERAILMENT

DIRECTION:   EAST            SPEED:      48        NO INJURIES
TRAIN TYPE:  THRU            THROTTLE:    8        WEATHER:  CLEAR
TRACK TYPE:  SINGLE-NB-EB    AMPS:      450        TEMP:     67

TRACK NAME:  SINGLE MAIN          MAINT-RESP:  NORFOLK SOUTHERN

BRAKING:   NONE       BRAKE REDUCTION LBS:   0     SLACK:  SLACK-OUT

|     |          |      |        |          |     |     |     | LADING | EST |
| CAR | DERAILED | INIT | NUMBER | CAR-TYPE | END | POS | L/E | DESC | DAMAGES |
| 1 | YES | DTTX | 742245 | IM | B | 2 | L | | 7500 |
| 2 | YES | SP | 513938 | S367 | 2 | 3 | L | MXFRT | 75000 |
| 3 | YES | BRAN | 005594 | S635 | 2 | 4 | L | MXFRT | 63500 |
| 4 | YES | DTTX | 432066 | IM | 2 | 5 | L | | 54750 |
| 5 | YES | FEC | 072502 | S610 | 2 | 6 | L | MXFRT | 32100 |
| 6 | YES | FEC | 072412 | S610 | 2 | 7 | L | MXFRT | 29800 |
| 7 | YES | DTTX | 721614 | IM | 2 | 8 | L | | 64850 |
| 8 | YES | DTTX | 623086 | IM | 2 | 9 | L | | 53400 |
| 9 | YES | DTTX | 724789 | IM | 2 | 10 | L | | 3500 |
| 10 | YES | BNSF | 237520 | S162 | B | 11 | L | MXFRT | 400 |

--------TRACK---------              ------ESTIMATED DAMAGES-------
CURVATURE                                   TRACK         300000
GRADE                                * C&S = COMM + S&E *
WELDED/JOINTED   W                        C & S          290000
DATE LAID                                 EQUIP          384800
DATE ROLLED                            STRUCTURES             0
DATE SPERRY                               UNITS               0
LAST T & S                        TOTAL EXC LADING       974800
SONIR/KRKR
LAST INSPECT   05-25-07  ATS               LADING             0
RAIL WEIGHT    132              TOTAL INCLUDING LADING  974800

LEAD UNIT:  9268          UNITS IN TOW:   0

    CONSIST   UNITS  LOADS MTYS  TONS  CABOOSE
    TOTALS      3      23    1   4053
    DERAILED    0      10    0
AHEAD OF R C U  0       0    0     0

DESCRIPTION:
TRAIN 26NL828 TRAVELING EASTBOUND AT 48MPH EXPERIENCED AN UNDESIRED
EMERGENCY AT MP 831.3. UPON INSPECTION, THE CONDUCTOR FOUND THE 2ND
THROUGH 11TH CARS DERAILED.

CAUSE:   CODE:
JOINT BARS BROKE UNDER MOVEMENT DUE TO PRIOR FATIGUE CRACKING

CONCURRENCE: DEPARTMENT    NAME    TITLE

TRANSPORTATION  T.M. BOWEN    DISPATCHER
ENGINEERING
MECHANICAL
RULES

BILLING:  NAME    ADDRESS

NORFOLK SOUTHERN

DELAY DETOUR:
218/29 DETOURED THROUGH CINCINATTI
DELAYS: 16K/28,  274/29,  194/29,  117/29,  861/28,  304/28,  31V/28
55M/26,  53T/23,  12V/29,  305/29,  11M/29,  14V/29,  185/28

MAIN TRACK:  NOT BLOCKED    CLEARED:  04:00 AM  05-30-07

RERAILED:  WITHOUT DERRICK  WITHOUT  MOBILE CRANE

|  | TESTED | |  | TESTED |
|---|---|---|---|---|
| CONDUCTOR: S.A.CARROLL | NO | ENGINEER:  T.Q.FERGUSON | | NO |
| TRAINMAN: A.M.HENNEY | NO | | | |

HOURS ON DUTY    HAZARDOUS MATERIALS CARS

ENGINEER:  04 HOURS 15 MINUTES    DAMAGED/DERAILED:    0
CONDUCTOR: 04 HOURS 15 MINUTES    RELEASING:    0
PEOPLE EVACUATED:    3
PUSHER/REMOTE UNITS:    0
PUSHER/REMOTE DERAILED:    0

METHOD OF OPERATION:  TRAFFIC CONTROL    UNATTENDED EQUIPMENT:  NO
RCL STATUS:  NON RC OPERATION

EXHBIT A(5)

3



4



**CARGO CLAIM DOCS**





CARGO CLAIM DOCS

7



8



**CARGO** CLAIM DOCS





10

CARGO CLAIM DOCS

11



12





CARGO CLAIM DOCS

13



14



**CARGO CLAIM DOCS**

15



16



CARGO CLAIM DOCS

17



18



CARGO CLAIM DOCS

57





CARGO CLAIM DOCS





CARGO CLAIM DOCS





CARGO CLAIM DOCS





CARGO CLAIM DOCS

27



28



CARGO CLAIM DOCS

29



30



CARGO CLAIM DOCS

63





CARGO CLAIM DOCS





CARGO CLAIM DOCS

35



36



CARGO CLAIM DOCS



37



38

CARGO CLAIM DOCS



39



40

CARGO CLAIM DOCS





CARGO CLAIM DOCS





CARGO CLAIM DOCS



46



CARGO CLAIM DOCS





CARGO CLAIM DOCS





CARGO CLAIM DOCS



S1



S2

CARGO CLAIM DOCS





CARGO CLAIM DOCS

55



56



CARGO CLAIM DOCS

57



**CARGO CLAIM DOCS**

EXHBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x

CNA INSURANCE COMPANY,
a/s/o CORNING, INC.,

                        Plaintiff,

      -against-

HYUNDAI MERCHANT MARINE CO., LTD.;
NORFOLK SOUTHERN RAILWAY COMPANY;
and BURLINGTON NORTHERN SANTA FE
RAILWAY COMPANY,

                        Defendants.

------------------------------------------------------- x

**SUMMARY ORDER**

06 Civ. 7748 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

      The parties appeared before me on March 6, 2007 for oral argument on Defendants' motions. Defendants Norfolk Southern Railway Co. and Burlington Northern Santa Fe Railway Co. jointly moved to dismiss pursuant to Rule 12(b)(3), Fed. R. Civ. P., and in the alternative to transfer venue pursuant to 28 U.S.C. § 1406. Defendant Hyundai Merchant Marine Co., Ltd., moved to transfer venue pursuant to 28 U.S.C. § 1404(a).

      For the reasons stated on the record, Defendants' motions to transfer venue to the Western District of Kentucky are **GRANTED**. For the convenience of all the parties and witnesses, I recommend that this case be sited in Louisville, Kentucky. Pursuant to this transfer and by consent, Defendants waive all defenses based on venue or service of process.

      The Clerk shall transfer this file as directed and mark this case as closed in this court.

      SO ORDERED.

Dated:     March **7**, 2007
             New York, New York

                                 ALVIN K. HELLERSTEIN
                                 United States District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED 3/7/07

CLOSED, ECF

# U.S. District Court
# United States District Court for the Southern District of New York (Foley Square)
# CIVIL DOCKET FOR CASE #: 1:06-cv-07748-AKH

CNA Insurance Company v. Hyundai Merchant Marine Co., Ltd. et al

Assigned to: Judge Alvin K. Hellerstein

Demand: $664,000

Cause: 28:1331 Fed. Question: Breach of Contract

Date Filed: 09/27/2006

Date Terminated: 03/07/2007

Jury Demand: None

Nature of Suit: 190 Contract: Other

Jurisdiction: Federal Question

### Plaintiff

**CNA Insurance Company**
*as subrogor of*
Corning, Inc.

represented by **Edward C. Radzik**
McDermott & Radzik, LLP
Wall Street Plaza
88 Pine Street
New York, NY 10005-1801
(212) 376-6439
Fax: (212) 376-6488
Email: eradzik@mcdermottradzik.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

### Defendant

**Hyundai Merchant Marine Co., Ltd.**

represented by **John William Hoefling**
Kelly, Rode & Kelly
330 Old Country Road
Mineola, NY 11501
(516)-739-0400
Fax: (516)-739-0434
Email: jwhoefling@krklaw.com
*ATTORNEY TO BE NOTICED*

**Paul D. Keenan**
Keenan Cohen & Howard P.C.
One Commere Square
2005 Market Street
Suite 3520
Philadelphia, PA 19103
(215) 609-1110
*ATTORNEY TO BE NOTICED*

### Defendant

**Norfolk Southern Railway Company**        represented by  **John William Hoefling**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul D. Keenan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Burlington Northern Santa Fe**        represented by  **John William Hoefling**
**Railway Company**                     (See above for address)
*ATTORNEY TO BE NOTICED*

**Paul D. Keenan**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/27/2006 | 1 | COMPLAINT against Hyundai Merchant Marine Co., Ltd., Norfolk Southern Railway Company, Burlington Northern Santa Fe Railway Company. (Filing Fee $ 350.00, Receipt Number 592114)Document filed by CNA Insurance Company.(es, ) Additional attachment(s) added on 10/4/2006 (mbe, ). (Entered: 09/28/2006) |
| 09/27/2006 | | SUMMONS ISSUED as to Hyundai Merchant Marine Co., Ltd., Norfolk Southern Railway Company, Burlington Northern Santa Fe Railway Company. (es, ) (Entered: 09/28/2006) |
| 09/27/2006 | | Magistrate Judge Gabriel W. Gorenstein is so designated. (es, ) (Entered: 09/28/2006) |
| 09/27/2006 | | Case Designated ECF. (es, ) (Entered: 09/28/2006) |
| 09/27/2006 | 2 | RULE 7.1 DISCLOSURE STATEMENT. Document filed by CNA Insurance Company.(es, ) Additional attachment(s) added on 10/4/2006 (mbe, ). (Entered: 09/28/2006) |
| 10/16/2006 | 3 | WAIVER OF SERVICE RETURNED EXECUTED. Norfolk Southern Railway Company waiver sent on 9/27/2006, answer due 11/27/2006; Burlington Northern Santa Fe Railway Company waiver sent on 9/27/2006, answer due 11/27/2006. Document filed by CNA Insurance Company. (Radzik, Edward) (Entered: 10/16/2006) |
| 11/06/2006 | 4 | SUMMONS RETURNED EXECUTED. Hyundai Merchant Marine Co., Ltd. served on 11/2/2006, answer due 11/22/2006. Service was accepted by Cheryl Molinari. Document filed by CNA Insurance Company. (Attachments: # 1 Affidavit Affidavit of Service - Corporate)(Radzik, Edward) (Entered: 11/06/2006) |
| 11/22/2006 | 5 | NOTICE OF APPEARANCE by John William Hoefling on behalf of Hyundai Merchant Marine Co., Ltd. (Hoefling, John) (Entered: |

| | | 11/22/2006) |
|---|---|---|
| 11/22/2006 | 6 | NOTICE of Stipulation Extending Time to Answer or Otherwise Respond. Document filed by Hyundai Merchant Marine Co., Ltd.. (Hoefling, John) (Entered: 11/22/2006) |
| 11/27/2006 | 7 | ANSWER to Complaint. Document filed by Hyundai Merchant Marine Co., Ltd..(Hoefling, John) (Entered: 11/27/2006) |
| 11/27/2006 | 8 | FILING ERROR - DEFICIENT DOCKET ENTRY - (SUPPORTING DOCUMENT ARE NOT TO BE ATTACHED AS EXHIBITS) - FIRST MOTION to Transfer Case *pursuant to 28 U.S.C. Sec. 1404*. Document filed by Hyundai Merchant Marine Co., Ltd.. Return Date set for 12/6/2006 09:30 AM. (Attachments: # 1 Text of Proposed Order proposed order to transfer# 2 motion to transfer# 3 memo of law in support of motion to transfer# 4 Exhibit "A" Plaintiff's complaint) (Hoefling, John) Modified on 11/28/2006 (gf, ). (Entered: 11/27/2006) |
| 11/27/2006 | 9 | NOTICE OF APPEARANCE by John William Hoefling on behalf of Burlington Northern Santa Fe Railway Company (Hoefling, John) (Entered: 11/27/2006) |
| 11/27/2006 | 10 | NOTICE OF APPEARANCE by John William Hoefling on behalf of Norfolk Southern Railway Company (Hoefling, John) (Entered: 11/27/2006) |
| 11/27/2006 | 11 | FIRST RULE 7.1 CORPORATE DISCLOSURE STATEMENT. no Corporate Parent. Document filed by Hyundai Merchant Marine Co., Ltd..(Hoefling, John) (Entered: 11/27/2006) |
| 11/27/2006 | 12 | FIRST RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Burlington Northern Santa Fe Corporation as Corporate Parent. Document filed by Burlington Northern Santa Fe Railway Company.(Hoefling, John) (Entered: 11/27/2006) |
| 11/27/2006 | 13 | FIRST RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Norfolk Southern Corporation as Corporate Parent. Document filed by Norfolk Southern Railway Company.(Hoefling, John) (Entered: 11/27/2006) |
| 11/27/2006 | 14 | FILING ERROR - DEFICIENT DOCKET ENTRY - (SUPPORTING DOCUMENTS ARE NOT TO BE FILED AS EXHIBITS) - JOINT MOTION to Dismiss *pursuant to Fed.R.Civ.P.12(b)(3)*. Document filed by Norfolk Southern Railway Company. Return Date set for 12/6/2006 09:30 AM. (Attachments: # 1 Memo of Law in support of joint motion to dismiss# 2 Exhibit "A" Plaintiff's Complaint# 3 Exhibit "B" Affidavit of R. Bruce Rider# 4 Exhibit "C" Affidavit of Peter M. Lee# 5 Text of Proposed Order dismiss complaint# 6 Text of Proposed Order transfer case)(Hoefling, John) Modified on 11/28/2006 (gf, ). (Entered: 11/27/2006) |
| 11/28/2006 | | ***NOTE TO ATTORNEY TO RE-FILE DOCUMENT - DEFICIENT DOCKET ENTRY ERROR. Note to Attorney John Hoefling to RE-FILE |

|  |  | Document <u>14</u> JOINT MOTION to Dismiss *pursuant to Fed.R.Civ.P.12 (b)(3).,* <u>8</u> FIRST MOTION to Transfer Case *pursuant to 28 U.S.C. Sec. 1404..* ERROR(S): SUPPORTING DOCUMENT ARE NOT TO BE ATTACHED AS EXHIBITS. (gf, ) (Entered: 11/28/2006) |
|---|---|---|
| 11/28/2006 | <u>15</u> | FIRST MOTION to Transfer Case *for an order pursuant to 28 U.S.C. Sec. 1404(a).* Document filed by Hyundai Merchant Marine Co., Ltd.. Return Date set for 12/6/2006 09:30 AM. (Hoefling, John) (Entered: 11/28/2006) |
| 11/28/2006 | <u>16</u> | FIRST MEMORANDUM OF LAW in Support re: <u>15</u> FIRST MOTION to Transfer Case *for an order pursuant to 28 U.S.C. Sec. 1404(a)..* Document filed by Hyundai Merchant Marine Co., Ltd.. (Attachments: # <u>1</u> Exhibit "A" Plaintiff's Complaint)(Hoefling, John) (Entered: 11/28/2006) |
| 11/28/2006 | <u>17</u> | FIRST MOTION to Dismiss *or in the alternative to transfer venue pursuant to Fed.R.Civ.P. 12(b)(3) and 28 U.S.C. Sec. 1406.* Document filed by Norfolk Southern Railway Company. Return Date set for 12/6/2006 09:30 AM. (Hoefling, John) (Entered: 11/28/2006) |
| 11/28/2006 | <u>18</u> | FIRST MEMORANDUM OF LAW in Support re: <u>17</u> FIRST MOTION to Dismiss *or in the alternative to transfer venue pursuant to Fed.R.Civ.P. 12(b)(3) and 28 U.S.C. Sec. 1406..* Document filed by Norfolk Southern Railway Company. (Attachments: # <u>1</u> Exhibit "A" Plaintiff's Complaint# <u>2</u> Exhibit "B" Affidavit of R. Bruce Rider# <u>3</u> Exhibit "C" Affidavit of Peter M. Lee)(Hoefling, John) (Entered: 11/28/2006) |
| 12/04/2006 | <u>19</u> | ENDORSED LETTER addressed to Judge Hellerstein from John Hoefling dated 12/1/06 re request that all defts request an adjournment of the case management conference set for 12/8/06: the case mgmt conf is cancelled pending resolution of the pending motions. (Signed by Judge Alvin K. Hellerstein on 12/4/06) (cd, ) (Entered: 12/05/2006) |
| 12/06/2006 | <u>21</u> | MOTION for Jeffrey D. Cohen to Appear Pro Hac Vice. Document filed by Hyundai Merchant Marine Co., Ltd., Norfolk Southern Railway Company, Burlington Northern Santa Fe Railway Company. (jco, ) (Entered: 12/08/2006) |
| 12/06/2006 | <u>22</u> | MOTION for Paul D. Keenan to Appear Pro Hac Vice. Document filed by Hyundai Merchant Marine Co., Ltd., Norfolk Southern Railway Company, Burlington Northern Santa Fe Railway Company. (jco, ) (Entered: 12/08/2006) |
| 12/07/2006 | <u>20</u> | STIPULATION AND ORDER of Briefing Schedule plaintiff's opposition to Defendants' motion shall be served on or before December 18,2006; Defendants' reply and opposition to Plaintiff's cross-motion shall serve on or before January 3, 2007; and Plaintiff's reply to Defendants' opposition to Plaintiff's cross-motion shall be served on or before January 12, 2007. (Signed by Judge Alvin K. Hellerstein on 12/6/2006) (jmi, ) (Entered: 12/07/2006) |

| | | |
|---|---|---|
| 12/13/2006 | 23 | ORDER granting 21 Motion for Jeffrey D. Cohen to Appear Pro Hac Vice, granting 22 Motion for Jeffrey D. Cohen to Appear Pro Hac Vice . (Signed by Judge Alvin K. Hellerstein on 12/12/2006) (jmi, ) (Entered: 12/13/2006) |
| 12/13/2006 | | Transmission to Attorney Admissions Clerk. Transmitted re: 23 Order on Motion to Appear Pro Hac Vice,, to the Attorney Admissions Clerk for updating of Attorney Information. (jmi, ) (Entered: 12/13/2006) |
| 12/13/2006 | 29 | ORDER Pro Hac Vice Admission Paul D. Keenan to practice in the United States District Court for the Southern District of New York. (Signed by Judge Alvin K. Hellerstein on 12/12/2006) (jmi, ) (Entered: 12/26/2006) |
| 12/18/2006 | 24 | NOTICE of Cross-Motion re: 15 FIRST MOTION to Transfer Case *for an order pursuant to 28 U.S.C. Sec. 1404(a)*., 17 FIRST MOTION to Dismiss *or in the alternative to transfer venue pursuant to Fed.R.Civ.P. 12(b)(3) and 28 U.S.C. Sec. 1406.*. Document filed by CNA Insurance Company. (Radzik, Edward) (Entered: 12/18/2006) |
| 12/18/2006 | 25 | MEMORANDUM OF LAW in Opposition re: 15 FIRST MOTION to Transfer Case *for an order pursuant to 28 U.S.C. Sec. 1404(a)*., 17 FIRST MOTION to Dismiss *or in the alternative to transfer venue pursuant to Fed.R.Civ.P. 12(b)(3) and 28 U.S.C. Sec. 1406. and in Support of Cross-Motion*. Document filed by CNA Insurance Company. (Radzik, Edward) (Entered: 12/18/2006) |
| 12/18/2006 | 26 | FILING ERROR - DEFICIENT DOCKET ENTRY - (MISSING PAGES) - (SEE DOCUMENT # 28) - AFFIDAVIT of Colleen Shaline in Opposition re: 17 FIRST MOTION to Dismiss *or in the alternative to transfer venue pursuant to Fed.R.Civ.P. 12(b)(3) and 28 U.S.C. Sec. 1406.*, 15 FIRST MOTION to Transfer Case *for an order pursuant to 28 U.S.C. Sec. 1404(a)*.. Document filed by CNA Insurance Company. (Attachments: # 1 Exhibit Riverlands Survey# 2 Exhibit Hyundai E-Mail# 3 Exhibit Claim Notice# 4 Exhibit Subro Form)(Radzik, Edward) Modified on 12/22/2006 (gf, ). (Entered: 12/18/2006) |
| 12/18/2006 | 27 | AFFIDAVIT of Edward Radzik in Opposition re: 17 FIRST MOTION to Dismiss *or in the alternative to transfer venue pursuant to Fed.R.Civ.P. 12(b)(3) and 28 U.S.C. Sec. 1406.*, 15 FIRST MOTION to Transfer Case *for an order pursuant to 28 U.S.C. Sec. 1404(a)*.. Document filed by CNA Insurance Company. (Attachments: # 1 Exhibit NRA List# 2 Exhibit NS Map# 3 Exhibit NS Sales Office# 4 Exhibit BNSF Map# 5 Exhibit Tickler Address# 6 Exhibit Hyundai Website# 7 Exhibit Website Article)(Radzik, Edward) (Entered: 12/18/2006) |
| 12/19/2006 | 28 | AFFIDAVIT of Colleen Shaline in Opposition re: 17 FIRST MOTION to Dismiss *or in the alternative to transfer venue pursuant to Fed.R.Civ.P. 12(b)(3) and 28 U.S.C. Sec. 1406.*, 15 FIRST MOTION to Transfer Case *for an order pursuant to 28 U.S.C. Sec. 1404(a)*.. Document filed by CNA Insurance Company. (Attachments: # 1 Exhibit Riverlands Report# 2 Exhibit Hyundai E-Mail# 3 Exhibit Loss Notice# 4 Exhibit Subro |

| | | Form)(Radzik, Edward) (Entered: 12/19/2006) |
|---|---|---|
| 12/28/2006 | 30 | STIPULATION AND ORDER OF BRIEFING SCHEDULE and agreed by the between the attorneys for the parties herein that the following briefing schedule shall be in effect in respect of Defendants' motion dismiss and/or transfer and Plaintiff's cross motion: Defendants' reply and opposition to Plaintiff's cross-motion shall be served on or before January 12, 2007; and Plaintiff's reply to Defendants' opposition to Plaintiff's cross-motion shall be served on or before January 19, 2007. (Signed by Judge Alvin K. Hellerstein on 12/27/2006) (jmi, ) (Entered: 12/28/2006) |
| 01/03/2007 | 31 | STIPULATION AND ORDER of BRIEFING SCHEDULE; the following briefing schedule shall be in effect in respect of Defendants' motions to dismiss and/or transfer and Plaintiff's cross motion: Defendants' reply and opposition to Plantiff's cross-motion shall be served on or before Jan. 12, 2007 and plaintiff's reply to defendants' opposition to Plaintiff's cross motion shall be served on or before Jan. 19, 2007. (Signed by Judge Alvin K. Hellerstein on 1/3/07) (djc, ) (Entered: 01/04/2007) |
| 01/05/2007 | | CASHIERS OFFICE REMARK on 29 Order, 23 Order on Motion to Appear Pro Hac Vice,in the amount of $50.00, paid on 12/6/2006, Receipt Number 598772. (gm) (Entered: 01/05/2007) |
| 01/16/2007 | 32 | REPLY MEMORANDUM OF LAW in Support re: 17 FIRST MOTION to Dismiss *or in the alternative to transfer venue pursuant to Fed.R.Civ.P. 12(b)(3) and 28 U.S.C. Sec. 1406.*, 15 FIRST MOTION to Transfer Case *for an order pursuant to 28 U.S.C. Sec. 1404(a). and Defendants' Joint Brief in Opposition to Plaintiff's Cross-Motion to Transfer Venue to the Western District of Washington.* Document filed by Hyundai Merchant Marine Co., Ltd., Norfolk Southern Railway Company, Burlington Northern Santa Fe Railway Company. (Cohen, Jeffrey) (Entered: 01/16/2007) |
| 01/19/2007 | 33 | STIPULATION AND ORDER that plaintiffs' time to serve its reply in support of its cross motion shall be extended up to and including 1/26/07. (Signed by Judge Alvin K. Hellerstein on 1/19/07) (dle) (Entered: 01/22/2007) |
| 01/19/2007 | | Set/Reset Deadlines: Replies due by 1/26/2007. (dle) (Entered: 01/22/2007) |
| 01/22/2007 | 34 | STIPULATION AND ORDER that plaintiffs' time to serve its reply in support of its cross-motion shall be extended to 1/26/07. So Ordered. (Signed by Judge Alvin K. Hellerstein on 1/22/07) (jco) (Entered: 01/23/2007) |
| 01/24/2007 | 35 | REPLY MEMORANDUM OF LAW in Support re: 24 Notice (Other), Notice (Other). Document filed by CNA Insurance Company. (Radzik, Edward) (Entered: 01/24/2007) |
| 01/26/2007 | 36 | AMENDED RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying attached as Corporate Parent. Document filed by CNA |

| | | |
|---|---|---|
| | | Insurance Company.(Radzik, Edward) (Entered: 01/26/2007) |
| 03/07/2007 | 37 | SUMMARY ORDER granting 15 and 17 Motions to Transfer Case to USDC-Western District of Kentucky. (Signed by Judge Alvin K. Hellerstein on 3/7/07) (db) (Entered: 03/07/2007) |
| 03/07/2007 | | CASE TRANSFERRED OUT from the U.S.D.C. Southern District of New York to the United States District Court - Western District of Kentucky. Sent original file along with documents numbered 1-37, certified copy of docket entries and transfer order. Mailed via Federal Express AIRBILL # 8582 4857 6164 on 3/14/07. (db) (Entered: 03/07/2007) |
| 03/07/2007 | | Minute Entry for proceedings held before Judge Alvin K. Hellerstein : Oral Argument held on 3/7/2007 re: 24 Notice (Other), Notice (Other) filed by CNA Insurance Company. Motion Granted.(ae) (Entered: 03/15/2007) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 04/02/2008 09:59:11 | | |
| **PACER Login:** pk0612 | **Client Code:** | 4613.141 |
| **Description:** Docket Report | **Search Criteria:** | 1:06-cv-07748-AKH |
| **Billable Pages:** 5 | **Cost:** | 0.40 |