Jeffrey D. Cohen, Esquire (*pro hac vice*)
KEENAN COHEN & HOWARD P.C.
One Pitcairn Place, Suite 2400
165 Township Line Road
Jenkintown, PA 19046
Telephone: (215) 609-1110
Facsimile:  (215) 609-1117

*Attorneys for Defendant*
*Norfolk Southern Railway Company*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NIPPPONKOA INSURANCE CO., LTD., U.S. BRANCH,<br><br>　　　　　　　　　　　　*Plaintiff,*<br><br>　　- against -<br><br>NORFOLK SOUTHERN RAILWAY COMPANY,<br><br>　　　　　　　　　　　　*Defendant.* | NO.: 08 CIV. 1302<br><br>JUDGE SAND<br><br>DECLARATION OF JEFFREY D. COHEN IN SUPPORT OF DEFENDANT'S MOTION TO TRANSFER VENUE |

　　　　I, Jeffrey D. Cohen, declare that I am a partner of Keenan Cohen & Howard P.C., attorneys for defendant Norfolk Southern Railway Company.

1.　　I attach as Exhibit A a true copy of certain of the Quality Report provided by counsel for Nipponkoa Isurance Co., Ltd., U.S. Branch.

　　　　I declare that the foregoing is true and correct under the penalty of perjury of the laws of the United States.

Dated: June 20, 2008

　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　Jeffrey D. Cohen

## CERTIFICATE OF SERVICE

I, the undersigned counsel, hereby certify that on June 23, 2008, a true and correct copy of the foregoing Declaration of Jeffrey D. Cohen in Support of Defendant's Motion to Transfer Venue was filed electronically. Notice of this filing will be sent to the following party, listed below, by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

>David T. Maloof, Esquire
>Thomas M. Eagan, Esquire
>MALOOF BROWNE & EAGAN LLC
>411 Theodore Fremd Avenue, Suite 190
>Rye, New York 10580-1411


By:    /s/ Jeffrey D. Cohen
       Jeffrey D. Cohen, Esquire

**EXHIBIT A**

# QUALITY REPORT

**SUBJECT:** PRODUCT DAMAGE DUE TO TRAIN WRECK

**PURPOSE:** TO EXPLAIN THE CRITERIA USED TO DETERMINE GOOD AND BAD PRODUCT.

**1st INSPECTION:** Our first Inspection of the damaged product happened at a warehouse that was used to store the damaged Railcars.
   1 – At this location we determined "Good and Bad" product based purely on a visual inspection. If the product was <u>outside of the original containers (boxes) and/or distorted or was covered in dirt or other contaminants</u>, we considered the product Bad.
   2 – The remaining materials that were not considered "Bad" were returned to IB Tech for further evaluation.

**2nd INSPECTION:** Our second Inspection of the damaged product happened at IB Tech.
   1 – Product that was <u>extra sensitive to Handling Damage</u> (motors and recliners), were considered as "Bad" because we cannot easily detect the damage and reliability. A visual Inspection may not reveal Non-Functional product.
   2 – Product that was <u>outside of the original containers</u> was considered "Bad" because of Contamination, Lack of Traceability and Lot Control.
   3 – Product that was <u>mildly sensitive to Handling Damage</u> (rails and pivot brackets), were considered as "Bad" if the boxes showed damage causing the product to be outside of the allowable specifications.

**COMMENTS:**
   1 – All of the product involved in this accident was not normally manufactured at IB Tech therefore, we do not have the fixturing and/or tooling required to 100% inspect each part. The cost of purchasing and or making the required fixturing will far exceed the value of the product.
   2 – When determining if product was "Good or Bad", our determining factors were as follows;
      A – Safety
      B – Performance
      C – Reliability